UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DEMOND HARRISON                                                                                    PLAINTIFF

VERSUS                                                                      CIVIL ACTION NO. 1:08CV297-RHW

MELVIN BRISOLARA et al                                                                         DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a [29] Motion to Dismiss filed pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute, joined by all Defendants; and a [32] Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56(c), filed on behalf of Defendants Kenissia Clark and Pat Olsen. Plaintiff, proceeding *pro se* and *in forma pauperis*, filed the instant 42 U.S.C. § 1983 prisoner civil rights complaint alleging that the named Defendants provided him with constitutionally inadequate medical care for depression and for a leg injury sustained while at the jail. The Court conducted a screening hearing on October 1, 2008, at which time Plaintiff testified under oath regarding the allegations in his complaint.

In his complaint, Plaintiff alleges that, while incarcerated at the Harrison County Adult Detention Center (HCADC), prison officials have been indifferent to his psychiatric condition. He first notified medical personnel that his depression medicine was not working when he was booked into the jail in late February 2008. Plaintiff stated that he did not begin to receive his medication until 3 to 4 weeks after arriving at HCADC. Plaintiff contends that, as of the filing of his complaint, he was not receiving adequate medical care for depression and suicidal tendencies. However, he testified at the screening hearing that he first saw Dr. Phillip Schaeffer, a psychiatrist, shortly after arriving at HCADC, on March 7, 2008. Dr. Schaeffer prescribed anti-

depressants. By Plaintiff's own admission, Dr. Schaeffer examined Plaintiff on at least five other occasions over a four-month period. Plaintiff conceded that the depression medicine has helped some.

In addition to his psychiatric condition, Plaintiff also alleges inadequate medical treatment for a leg injury that resulted from an incident on May 11, 2008. On the day in question, Plaintiff was doing pushups on the upper tier of C block at the HCADC, when he fell approximately 15 to 20 feet. Plaintiff was transported to the hospital and x-rayed. The doctors at the hospital told him that he did not need a cast. Plaintiff alleges that he fractured his leg, but that he has not received any medical treatment because his injury is not life threatening. Plaintiff also testified at the screening hearing that medical personnel at the hospital told him he could wear a splint. He stated that the jail did not provide him with a splint because it contained metal which could be used as a weapon. Plaintiff asserts that his right leg has been swollen since the incident, which he blames partly on the failure of the jail to provide him with a splint.

Defendants have provided copies of Plaintiff's medical records in conjunction with the pending motion for summary judgment. These records confirm that Plaintiff complained about his anti-depression medication on February 29, 2008. Defendant Kennisia Clark saw Plaintiff on March 3, 2008. Plaintiff also met with social worker Nichols on March 3rd. Dr. Schaeffer, a psychiatrist, examined Plaintiff on March 7, 2008, and prescribed medication for depression and insomnia. The medication logs indicate that Plaintiff received those medications beginning March 9, 2008.

With respect to the leg injury, the medical records indicate that on May 11, 2008, Plaintiff was transported to the emergency room of the Gulfport Memorial Hospital complaining of pain

in his right shoulder, right foot, right ankle, and chest after falling approximately 20 feet. X-rays of his right leg revealed no fractures, dislocation, or other abnormality. Plaintiff returned to HCADC, at which time Dr. Faizon ordered Plaintiff to be placed in a suicide gown and placed on suicide watch. The social worker and Dr. Schaeffer met with Plaintiff shortly after the incident of May 11th.

Rule 56(c) authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . all other contested issues of fact are rendered immaterial. *See Celotex*, 477 U.S. at 323, 106 S.Ct at 2552." *Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992). In making its determinations of fact on a motion for summary judgment, the court must view the evidence submitted by the parties in a light most favorable to the non-moving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of material fact and the appropriateness of judgment as a matter of law to prevail on his motion. *Union Planters Nat'l Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982). The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. *Topalian*, 954 F.2d at 1131. "Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]."

3

*John*, 757 F.2d at 708. "Summary judgment cannot be supported solely on the ground that [plaintiff] failed to respond to defendants' motion for summary judgment". *Id.* at 709. However, once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence. *Ferguson v. Nat'l Broad. Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978).

To state a constitutional claim for denial of adequate medical care, Plaintiff must demonstrate that Defendants were deliberately indifferent to Plaintiff's serious medical needs, such that it constituted an unnecessary and wanton infliction of pain. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A prison official is not liable for the denial of medical treatment unless the official knows of and disregards an excessive risk to inmate health or safety. *Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999). An allegation of malpractice or mere negligence is insufficient to state a claim. *Hall v. Thomas*, 190 F.3d 693, 697 (5th Cir. 1999). Moreover, the fact that a prisoner disagrees with the type of medical treatment does not constitute a constitutional deprivation. *Norman v. Dimazana*, 122 F.3d 286, 192 (5th Cir. 1997).

The summary judgment evidence demonstrates that jail officials were not deliberately indifferent to Plaintiff's serious medical needs. In fact, Plaintiff fails to allege any direct knowledge, indifference, or failure to act on the part of four of the five Defendants (Olsen, Brisolara, Cabana, and Chandler) with regard to his psychiatric condition or leg injury. Plaintiff merely alleges that these Defendants failed to train or supervise or put in place proper health care services. He does not allege any direct, personal involvement in his medical care by these Defendants. Plaintiff does allege that Defendant Clark was aware of his condition and participated personally in his medical treatment; however, as demonstrated below, Plaintiff

4

received constitutionally adequate treatment for his conditions.

The summary judgment evidence demonstrates that jail officials were not deliberately indifferent to Plaintiff's psychiatric condition. Within two weeks of entering HCADC, and within ten days of informing jail personnel of his condition, Plaintiff was prescribed medication for depression and insomnia. He began receiving medication on March 9, 2008, a mere two days after being examined by Dr. Schaeffer. Plaintiff met with a social worker and Dr. Schaeffer on numerous occasions regarding issues related to his depression and insomnia. There is simply no evidence of deliberate indifference. Plaintiff may disagree with the nature and type of his treatment, but the summary judgment evidence, including Plaintiff's own testimony, point to the conclusion that jail officials were not indifferent to his psychiatric condition.

With respect to Plaintiff's leg injury, the summary judgment evidence indicates that contrary to Plaintiff's assertion, his leg was not fractured during the May 11, 2008 incident. Plaintiff was taken to the emergency room and x-rayed on the day of the incident. The x-rays did not reveal a fracture or other abnormality. Hence, the medical records indicate an absence of any serious medical condition. Thus, Defendants have presented summary judgment evidence demonstrating the lack of a genuine issue of material fact.

Based on the foregoing, the Court finds that the motion for summary judgment filed on behalf of Defendants Olsen and Clark should be granted and the complaint dismissed with prejudice, because there is no genuine issue of material fact with respect to Plaintiff's claims of constitutionally inadequate medical care. The Court further finds that the summary judgment evidence demonstrating an absence of deliberate indifference applies equally to the other Defendants named in this case.

In the alternative, the Court finds that the lawsuit should be dismissed without prejudice for failure to prosecute. Defendants Brisolara, Cabana, and Chandler have filed a motion to dismiss based on Plaintiff's failure to prosecute. Defendants Olsen and Clark joined in the motion. On November 11, 2008, Defendants propounded written discovery on Plaintiff, for which Plaintiff signed a receipt for legal documents dated November 14, 2008. Plaintiff failed to respond to this written discovery. Defendants have attempted to contact Plaintiff in order to resolve the discovery dispute, only to find out that Plaintiff is no longer incarcerated at HCADC. Although he appears no longer to be incarcerated at HCADC, Plaintiff has not changed his address of record with the Court. This despite numerous warnings from the Court that a failure to advise the Court of a change in address would be grounds for dismissal. *See* docket entries 3, 5, 6, & 11.

On February 6, 2009, the Court entered a Show Cause Order, directing Plaintiff to respond to Defendants' motion to dismiss or otherwise to show cause why his complaint should not be dismissed for failure to prosecute and for failure to participate in the discovery process. The Court set a deadline of February 18, 2009, for Plaintiff's response. The Order was returned as "undeliverable". In the interval since the Show Cause Order, Plaintiff has not changed his address of record, nor contacted the Court regarding his case. In fact, there is no indication that Plaintiff has taken any active involvement in this lawsuit since the day of his screening hearing (October 1, 2008). Consequently, the Court finds in the alternative that the motion to dismiss should be granted and the lawsuit dismissed without prejudice for Plaintiff's failure prosecute.

IT IS THEREFORE ORDERED AND ADJUDGED THAT Defendants' [29] Motion to Dismiss and [32] Motion for Summary Judgment are GRANTED. Plaintiff's claims against all

6

Defendants are dismissed with prejudice pursuant to Fed. R. Civ. P. 56(c). In the alternative, the Court finds that Plaintiff's complaint should be dismissed without prejudice for failure to prosecute.

    SO ORDERED, this the 7th day of May, 2009.

                                                            s/ *Robert H. Walker*  
                                                            UNITED STATES MAGISTRATE JUDGE